United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41478
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

CESAR QUIROGA-RAMIREZ,

Defendant-
Appellant.

-----------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1054-1
-----------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Cesar Quiroga-Ramirez (Quiroga) appeals the 70-month sentence he received following his

guilty-plea conviction for conspiracy to possess with intent to distribute more than 100 kilograms but

less than 1000 kilograms of marijuana. He contends that the district court erred in imposing a two-

level enhancement pursuant to U.S.S.G. § 3B1.1(c) based on a finding that he was a leader or

supervisor in the conspiracy. We have reviewed the record and determine that the district court did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not clearly err in imposing the enhancement. *See United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 268 (2005); *United States v. Ronning*, 47 F.3d 710, 711 (5th Cir. 1995).

Quiroga also asserts that the district court erred in including 321 kilograms of marijuana found at a stash house in the base offense level. He contends that the Government failed to prove beyond a reasonable doubt that he engaged in a conspiracy involving those drugs. However, in light of Quiroga's guilty plea to a drug conspiracy, the Government was required to show at sentencing that the marijuana at the stash house was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). We have reviewed the record and determine that the evidence in the presentence report is sufficient to warrant the finding of relevant conduct. *See United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005); *United States v. De Jesus-Batres*, 410 F.3d 154, 164 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1020 (2006). The judgment of the district court is thus AFFIRMED.